**PULLMAN CO. v. MONTGOMERY, State Tax Collector, et al.**

No. 123.

District Court, E. D. Louisiana.

July 17, 1933.

.Lemle, Moreno & Lemle, and Arthur A. Moreno, all of New Orleans, La., for plaintiff.

Charles J. Rivet, of New Orleans, La., for defendants.

Before FOSTER, Circuit Judge, and BORAH and COX, District Judges.

BORAH, District Judge.

Plaintiff, an Illinois corporation engaged in the business of furnishing sleeping and parlor cars to the railroads for the transportation of passengers, brings this suit in equity against defendants, state tax officials, to enjoin the collection of a state license tax. On motion of the attorneys for the plaintiff, the Pullman Company, a District Court of three judges was organized and convened to hear its application for an interlocutory injunction, a preliminary restraining order having been granted without notice because of the danger of irreparable injury resulting by a delay until notice could be given and a hearing had on said application for interlocutory injunction. After a full hearing, at which evidence was introduced in the form of affidavits, and argument had by counsel, the court is of the opinion that defendants' plea to the jurisdiction should be dismissed and that plaintiff's prayer for an interlocutory injunction should be granted, and makes the following findings of fact and conclusions of law.

### Findings of Fact.

The verified pleadings and affidavits filed herein show that plaintiff is a corporation organized and existing under and by virtue of the laws of the state of Illinois, and is duly qualified and licensed to do business in the state of Louisiana. The plaintiff is and has been for a great many years engaged in the business of furnishing sleeping and parlor cars to railroads for the transportation of passengers, and in the business of furnishing in such cars sleeping berths by night and seats by day, principally in interstate commerce. Some of the railroads to which such cars are furnished run in, into, out of, and through the state of Louisiana, and plaintiff therein furnishes seats and berths to passengers principally in interstate commerce and has so furnished its cars and so conducted its business in the state of Louisiana for many years. Some of its cars run wholly between points in the state, and some of its cars run into and out of the state, and others run entirely through the state. For its services in the furnishing of accommodations to said passengers in its cars, both in interstate and

intrastate transportation, the plaintiff collects from said passengers rates, fares, and charges which are prescribed by the Interstate Commerce Commission for the accomodations furnished to interstate. passengers and by the Louisiana Public Service Commission for the accommodations furnished to passengers wholly within the state of Louisiana, which constitutes the sole and only revenue for the services furnished to such passengers.

The statute complained of, Act No. 190 of the General Assembly of Louisiana of 1932, provides in section 31-A: "That every person, firm or corporation operating any Pullman or sleeping car company in this State shall pay a license tax to the State of Louisiana of seventy-five hundred dollars ($7,500.-00), to be paid at the place where taxes are usually paid by railroads or Pullman companies on rolling stock."

It further provides in substance that if any person, firm, or corporation should fail to pay the tax, an attorney at law designated by the Governor shall take a rule, which is a summary process, to show cause why the delinquent should not pay the amount of the license claimed and be ordered to cease from further pursuit of business until after having obtained the license. The act further provides that all unpaid licenses shall bear interest at the rate of 2 per cent. per month from March 1st until paid, and that a lien and privilege in favor of the state shall exist upon both the movable and immovable property of the delinquent owing the license. In addition to the interest, the delinquent taxpayer is subject to the payment of 10 per cent. attorney's fees upon the amount of the tax and penalties.

The plaintiff contends that this license tax is in conflict with article 1, section 8, of the Federal Constitution, as being a regulation of interstate commerce, and with section 1 of the Fourteenth Amendment, in that it deprives the plaintiff of its property without due process of law and in denial of equal protection of the law.

The first ground is based upon the argument that the statute imposing the tax does not differentiate between intrastate and interstate business, but imposes the tax upon the conduct of both indiscriminately.

The second ground is based upon the argument that the statute is discriminatory and arbitrary and imposes upon plaintiff burdens that are not imposed upon others engaged in like business in the state of Louisiana, and that because of the imposition of the unreasonable, arbitrary, and discriminatory license taxes provided by said statute, plaintiff will be unable to continue in the conduct of its business within the state because the amount of license taxes imposed by the state and the exaction by the state of the payment of said license taxes will result in the confiscation of its property.

We find it necessary to consider the first ground only.

### Conclusions of Law.

The privilege taxed by the act is the business of furnishing Pullman car accommodations. Any person, firm, or corporation who exercises this privilege, without first paying the tax and procuring the license, is subjected to the prescribed penalties and may be enjoined from the operation of its business. The language of the act is general in its terms and applies to cars running through the state as well as those whose operation is wholly intrastate. It applies to all alike and requires payment for the privilege of running the cars of the company regardless of the fact whether used in interstate or intrastate traffic. The language of the act is unambiguous, contains no restriction as to the character of the business taxed, and is broad enough to prohibit the operation of a Pullman or sleeping car company from engaging exclusively in interstate commerce. There has been no decision of the Supreme Court of Louisiana limiting the act in its operation as to intrastate traffic, and in the absence of such authoritative construction it must be given a construction consistent with its language.

Following the hereinafter cited cases, we are obliged to hold that the flat license tax, including as it does all business of the plaintiff both interstate and intrastate, is void as an attempt by the state to impose a burden upon interstate commerce. Crutcher v. Kentucky, 141 U. S. 47, 11 S. Ct. 851, 35 L. Ed. 649; Osborne v. Florida, 164 U. S. 650, 17 S. Ct. 214, 41 L. Ed. 586; Allen v. Pullman's Palace Car Co., 191 U. S. 171, 24 S. Ct. 39, 48 L. Ed. 134; Illinois Central R. Co. v. Mississippi Railroad Commission et al. (D. C.) 229 F. 248.

An interlocutory injunction will accordingly be granted as prayed for.